STATE v. RONALD LEON GRIFFIE.
STATE v. EDDIE C. ANDERSON.

161 N. W. (2d) 551.

August 30, 1968—Nos. 40,956, 40,957.

C. *Paul Jones,* State Public Defender, and *Rosalie E. Wahl,* for appellants.
*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Nelson, Murphy, Otis, and Rogosheske, JJ.

OTIS, JUSTICE.

Defendants were charged in a single information with aggravated robbery (Minn. St. 609.245). They pled not guilty, and were jointly tried without a jury. They were convicted of simple robbery (Minn. St. 609.24). A sentence of not to exceed 5 years was imposed on defendant Anderson. Defendant Griffie received a term of not to exceed 10 years which was to run consecutively with a prior sentence. Each appeals from the judgment of conviction.

■ Defendants assert that the evidence does not support a finding of guilty. James Langlois, the complainant, testified that he had been drinking at a tavern on the evening of October 6, 1966, and in the early hours of October 7 and that sometime between 1:30 and 2 a. m., while driving his automobile, a girl approached him at a stop sign, rapped on his window, opened the door and climbed in the front seat. She said she was being pursued by some men. She asked to be taken home and was driven to a house at 1701 Thomas Place North, Minneapolis. Thereupon, according to Langlois, the woman, later identified as Jo Ann Johnson, propositioned him. He declined. He stated that as he was about to depart someone approached him from the driver's side. As he opened the door he was pulled out of the car by defendant Griffie and was struck by defendant Anderson. According to Langlois, Griffie repeatedly struck him on the head with a pistol and a flashlight causing him to bleed profusely. Griffie then took his wallet containing $10 and $85 from a pants pocket. Thereupon defendants went into the house, and Langlois drove off to summon the police. When they arrived, defendants were driving the wrong way on a one-way street and were apprehended. Langlois identified Anderson at the scene and identified Griffie at a police lineup. Both defendants were arrested. Anderson was wearing a jacket which belonged to Langlois and had $23 on his person. Griffie had $28. In addition to the cash and jacket, Langlois claimed that a gunstock, gunsight, and binoculars were taken by defendants. Pending trial, each defendant attempted to induce Langlois to dismiss the charges in consideration for their making restitution.

Defendants' version of the crime was corroborated by Mrs. Johnson. She testified that Langlois accompanied her to a room at 1701 Thomas Place North for purposes of prostitution but refused to pay what she demanded. He started to force himself on her and she called for help. Langlois then hurried downstairs and was met by defendants responding to her cry for help. She said that Langlois struck Griffie and precipitated a fight in which Langlois was injured.

This was the version of the episode with which defendants were in substantial agreement. Griffie admitted striking Langlois with a flashlight but claimed self-defense. Anderson testified he obtained Langlois' jacket from the car but denied taking it by force. They acknowledged attempting to have the cases

dismissed, but claimed it was because of prior offenses which would have exposed them to parole revocation and extended terms if convicted, innocent though they be.

Whether the facts were as related by Mrs. Johnson and the defendants or as stated by the complainant, Langlois, it was competent for the court to find that Langlois was beaten and robbed. We hold that the evidence was sufficient to support the convictions.

■ On the final day of trial, which began November 29, 1966, counsel for defendants moved the court for leave to secure at public expense a blood analysis of stains found by counsel in the house at 1701 Thomas Place North. It was counsel's theory that if he could prove the blood was that of Langlois it would seriously impeach all of his testimony. The motion was made pursuant to Minn. St. 611.21, authorizing a defendant who is indigent to secure investigating or other expert services at state expense if the court finds them necessary for an adequate defense. The motion was denied. That order is assigned as error. We hold that the ruling was not an abuse of discretion. The request was not timely, and the result of the test would at best have been wholly inconclusive. The most that could be shown was that the blood was Langlois' type. No claim is made that the experiment would show more. Even if the offense had occurred inside the house, there was sufficient evidence that money and property were forcibly taken from the complainant and that both defendants actively participated in the robbery.

Affirmed.